## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** | **11-00036** |
| **v.** | : | **DATE FILED:** | **February 15, 2011** |

**KEITH MARTIN THOMPSON,**
    **a/k/a "Keefer,"**
**CHRISTOPHER JAY LONDON,**
    **a/k/a "Chris,"**
**BRANDON LEE HILL,**
    **a/k/a "B,"**
**ERIC LAMAR HILL,**
    **a/k/a "E,"**
**LUIS ERNESTO SAEZ-RIVERA,**
    **a/k/a "Dito,"**
**TROY SCOTT KEITH DIXON**
**AARON TYLER JOHNSON**
**LAMONT BARNETT BOYCE,**
    **a/k/a "Ls,"**
**LARRY TERELL JORDAN**
**JOHN HOLDER,**
    **a/k/a "Terminator,"**
**CARIN SHONTEL SEALS**
**MARQUISHA TALISH MYERS**
**ALYNNE HANSON,**
    **a/k/a "Lynne"**

**VIOLATIONS:**
**21 U.S.C. § 846 (conspiracy to distribute 280 grams or more of cocaine base ("crack") and 5 kilograms or more of cocaine - 1 count)**
**21 U.S.C. § 841(a)(1) (distribution of 5 grams or more of cocaine base ("crack") - 7 counts)**
**21 U.S.C. § 841(a)(1) (distribution of cocaine - 2 counts)**
**21 U.S.C. § 841(a)(1)(possession with intent to distribute cocaine - 2 counts)**
**18 U.S.C. § 924(c) (possession of a firearm in furtherance of drug trafficking - 1 count)**
**18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon - 3 counts)**
**18 U.S.C. § 2 (aiding and abetting)**
**Notice of forfeiture**

## SECOND SUPERSEDING INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

### INTRODUCTION

1.    From at least in or about 2005, through on or about the date of the return of this second superseding indictment, in the city of Lancaster, in the Eastern District of Pennsylvania, and elsewhere, defendants

**KEITH MARTIN THOMPSON,**

**a/k/a "Keefer,"**
**CHRISTOPHER JAY LONDON,**
**a/k/a "Chris,"**
**BRANDON LEE HILL,**
**a/k/a "B,"**
**ERIC LAMAR HILL**
**a/k/a "E,"**
**LUIS ERNESTO SAEZ-RIVERA,**
**a/k/a "Dito,"**
**TROY SCOTT KEITH DIXON**
**AARON TYLER JOHNSON**
**LAMONT BARNETT BOYCE,**
**a/k/a "Ls," and**
**LARRY TERELL JORDAN,**
**JOHN HOLDER,**
**a/k/a "Terminator,"**
**CARIN SHONTEL SEALS,**
**MARQUISHA TALISH MYERS, and**
**ALYNNE HANSON,**
**a/k/a "Lynne"**

conspired and agreed, together and with others known and unknown to the grand jury, to

knowingly and intentionally distribute 280 grams or more, that is, at least 20 kilograms, of a

mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II

controlled substance, and 5 kilograms or more, that is, at least 10 kilograms, of a mixture and

substance containing a detectable amount of cocaine, a Schedule II controlled substance, in

violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

## MANNER AND MEANS

It was part of the conspiracy that:

2.      Defendants KEITH MARTIN THOMPSON, CHRISTOPHER JAY

LONDON, BRANDON LEE HILL, ERIC LAMAR HILL, LUIS ERNESTO SAEZ-RIVERA,

JOHN HOLDER, and others known and unknown to the grand jury, purchased and obtained

wholesale quantities of illegal drugs, including cocaine base ("crack") and cocaine hydrochloride ("cocaine") from suppliers in New York, Philadelphia, and elsewhere, for resale to customers in and around the cities of Lancaster and Harrisburg, Pennsylvania.

3.  Defendants KEITH MARTIN THOMPSON, CHRISTOPHER JAY LONDON, BRANDON LEE HILL, ERIC LAMAR HILL, LUIS ERNESTO SAEZ-RIVERA, TROY SCOTT KEITH DIXON, AARON TYLER JOHNSON, LAMONT BARNETT BOYCE, LARRY TERELL JORDAN, and JOHN HOLDER, and others known and unknown to the grand jury, resold and delivered quantities of crack and cocaine to wholesale and retail customers.

4.  Defendants KEITH MARTIN THOMPSON, CHRISTOPHER JAY LONDON, BRANDON LEE HILL, ERIC LAMAR HILL, LUIS ERNESTO SAEZ-RIVERA, TROY SCOTT KEITH DIXON, AARON TYLER JOHNSON, LAMONT BARNETT BOYCE, LARRY TERELL JORDAN, and JOHN HOLDER routinely communicated with each other via cell phones.  Most customer orders for crack were received, and deliveries coordinated, via cell phone.  Defendant THOMPSON used several cell phones to take orders for crack and cocaine from customers.

5.  At the direction of defendant KEITH MARTIN THOMPSON, defendants CHRISTOPHER JAY LONDON, LUIS ERNESTO SAEZ-RIVERA, TROY SCOTT KEITH DIXON, LAMONT BARNETT BOYCE, LARRY TERELL JORDAN, and JOHN HOLDER delivered crack and cocaine to customers for defendant THOMPSON.  Additionally, defendants LONDON, SAEZ-RIVERA, DIXON, BOYCE, JORDAN and HOLDER received payment from the customers for the crack and cocaine they had delivered and subsequently turned over the payments to defendant THOMPSON.

3

6.     Defendants BRANDON LEE HILL, ERIC LAMAR HILL, and LUIS ERNESTO SAEZ-RIVERA also supplied their own wholesale and retail customers with crack and cocaine.

7.     Defendant KEITH MARTIN THOMPSON's crack and cocaine operation operated 24 hours a day, 7 days a week.  Customers of defendant THOMPSON called defendant THOMPSON's cell phones at all hours of the day or night to arrange for purchases of crack and cocaine from defendant THOMPSON.

8.     Defendants KEITH MARTIN THOMPSON, CHRISTOPHER JAY LONDON, TROY SCOTT KEITH DIXON, and JOHN HOLDER regularly possessed and carried firearms as a means of protecting their drugs and the money they made from selling their drugs.

9.     Beginning in approximately 2005, defendant LUIS ERNESTO SAEZ-RIVERA and defendant KEITH MARTIN THOMPSON worked together selling cocaine and crack in Lancaster.

10.     From 2005 until approximately September 2009, defendant THOMPSON supplied Person #1, a person known to the grand jury, with approximately 500 grams of crack and cocaine a month, most of it being in the form of crack.

11.     From approximately May 2008, through approximately September 2010, defendant KEITH MARTIN THOMPSON regularly supplied defendant LUIS ERNESTO SAEZ-RIVERA with cocaine and crack.  Defendant SAEZ-RIVERA cooked all of the cocaine into crack, and then sold it to customers in and around Lancaster.

12.    Between approximately May 2008 and approximately September 2010, defendant KEITH MARTIN THOMPSON obtained crack and cocaine from suppliers in New York or Philadelphia approximately two times per week, in quantities of one or more kilograms of crack or cocaine.

13.    On a number of occasions between approximately May 2009 and December 2010, defendants KEITH MARTIN THOMPSON, BRANDON LEE HILL, ERIC LAMAR HILL, and LUIS ERNESTO SAEZ-RIVERA pooled their money to purchase one or more kilograms of crack or cocaine in New York, Philadelphia, and elsewhere.

14.    Between April 2010 and July 1, 2010, at the direction of defendant KEITH MARTIN THOMPSON, defendant AARON TYLER JOHNSON stored large quantities of crack and cocaine at his residence in Lancaster.

15.    Between April 2010 and July 1, 2010, at the direction of defendant KEITH MARTIN THOMPSON, defendant AARON TYLER JOHNSON converted cocaine left in his possession by defendant THOMPSON, into crack, which he then provided to defendant THOMPSON, who sold it to customers.

16.    Defendant KEITH MARTIN THOMPSON also directed defendant BRANDON LEE HILL to convert cocaine into crack, which was then re-sold by defendants THOMPSON, BRANDON HILL, ERIC LAMAR HILL, and other persons known and unknown to the grand jury.

17.    Between approximately April 2009 and April 2010, defendant JOHN HOLDER served as "protection" for defendant KEITH MARTIN THOMPSON, accompanying THOMPSON during cocaine and crack cocaine transactions, as well as on trips to New York,

Philadelphia and elsewhere to purchase kilogram and multi-kilogram supplies of cocaine and crack cocaine, which they transported back to Lancaster for resale. Defendant HOLDER frequently carried a handgun when he was serving in this capacity for defendant THOMPSON.

18.      Between approximately April 2009 and April 2010, at the direction of defendant KEITH MARTIN THOMPSON, defendant JOHN HOLDER made trips to New York, Philadelphia and elsewhere with defendant CARIN SHONTEL SEALS to purchase kilogram and multi-kilogram supplies of cocaine and crack cocaine, which they transported back to Lancaster for resale.

19.      Between approximately April 2009, and April 2010, at the direction of defendant KEITH MARTIN THOMPSON, defendant JOHN HOLDER made deliveries of cocaine and crack cocaine to customers of defendant THOMPSON in and around Lancaster.

20.      Between January 2007 and December 2010, at the direction of defendant KEITH MARTIN THOMPSON, defendant CARIN SHONTEL SEALS repeatedly rented vehicles which she knew were used by defendants THOMPSON, SEALS, LUIS ERNESTO SAEZ-RIVERA, and JOHN HOLDER, and others known and unknown to the grand jury, to travel to New York, Philadelphia, and elsewhere, to purchase kilogram and multi-kilogram supplies of cocaine and crack cocaine, which they transported back to Lancaster for resale.

21.      Between January 2007 and December 2010, defendant CARIN SHONTEL SEALS had direct contact with cocaine and crack cocaine suppliers in New York, and personally made purchases and pick-ups of kilogram quantities of cocaine and crack cocaine, which defendant SEALS then transported back to Lancaster for defendants KEITH MARTIN THOMPSON, LUIS ERNESTO SAEZ-RIVERA, ERIC LAMAR HILL, and BRANDON LEE

HILL, and others known and unknown to the grand jury.

22.     Between January 2007 and December 2010, at the direction of defendant KEITH MARTIN THOMPSON, defendant CARIN SHONTEL SEALS at times would make multiple trips per week to New York, Philadelphia, and elsewhere to purchase kilogram and multi-kilogram quantities of cocaine and crack cocaine for defendant THOMPSON.

23.     In return for serving as a driver for defendants KEITH MARTIN THOMPSON, LUIS ERNESTO SAEZ-RIVERA, and JOHN HOLDER, on trips to New York, Philadelphia, and elsewhere, to purchase supplies of cocaine and crack cocaine, and for making such trips on her own, defendant CARIN SHONTEL SEALS was paid by defendants THOMPSON and/or SAEZ-RIVERA in cash and quantities of cocaine and crack cocaine.

24.     Between December 2009 and November 2010, at the direction of defendant KEITH MARTIN THOMPSON, defendant MARQUISHA TALISH MYERS repeatedly rented vehicles which she knew were used by defendants THOMPSON, MYERS, LUIS ERNESTO SAEZ-RIVERA, and JOHN HOLDER, and others known and unknown to the grand jury, to travel to New York, Philadelphia, and elsewhere, to purchase kilogram and multi-kilogram supplies of cocaine and crack cocaine, which they transported back to Lancaster for resale.

25.     Between December 2009 and November 2010, defendant MARQUISHA TALISH MYERS had direct contact with cocaine and crack cocaine suppliers in New York, and personally made purchases and pick-ups of kilogram quantities of cocaine and crack cocaine, which defendant MYERS then transported back to Lancaster for defendants KEITH MARTIN THOMPSON, LUIS ERNESTO SAEZ-RIVERA, ERIC LAMAR HILL, and BRANDON LEE

HILL, and others known and unknown to the grand jury.

26.    In return for serving as a driver for defendants KEITH MARTIN
THOMPSON and JOHN HOLDER, on trips to New York, Philadelphia, and elsewhere, to
purchase supplies of cocaine and crack cocaine, defendant MARQUISHA TALISH MYERS was
paid by defendant THOMPSON in cash.

27.    Between May 2007 and September 2009, at the direction of defendant
KEITH MARTIN THOMPSON, defendant ALYNNE HANSON repeatedly rented vehicles
which she knew were used by defendants THOMPSON, MYERS, LUIS ERNESTO SAEZ-
RIVERA, and JOHN HOLDER, and others known and unknown to the grand jury, to travel to
New York, Philadelphia, and elsewhere, to purchase kilogram and multi-kilogram supplies of
cocaine and crack cocaine, which they transported back to Lancaster for resale.

28.    Between May 2007 and September 2009, defendant ALYNNE HANSON
knowingly permitted defendant KEITH MARTIN THOMPSON to store multi-kilogram
quantities of cocaine and crack cocaine at her residence located at 2089 Swarr Run Road,
Lancaster, Pennsylvania, and to conduct drug transactions there with defendants ERIC LAMAR
HILL, BRANDON LEE HILL, and LUIS ERNESTO SAEZ-RIVERA, and others known and
unknown to the grand jury.

29.    Between May 2007 and September 2009, defendant ALYNNE HANSON
knowingly assisted defendant KEITH MARTIN THOMPSON in his drug operation by counting
money that had been pooled by defendants THOMPSON, LUIS ERNESTO SAEZ-RIVERA,
ERIC LAMAR HILL and BRANDON LEE HILL in order to make cocaine and crack cocaine
purchases.  Defendant HANSON was also present on multiple occasions when defendant

8

THOMPSON broke down kilogram quantities of cocaine and divided the cocaine among himself

and defendants ERIC LAMAR HILL, BRANDON LEE HILL, and LUIS ERNESTO SAEZ-

RIVERA, and others known and unknown to the grand jury.

30.	Between May 2007 and September 2009, defendant ALYNNE HANSON

knowingly assisted defendant KEITH MARTIN THOMPSON in his drug operation by

accompanying defendant THOMPSON to New York when cocaine and crack cocaine purchases

were made by defendant THOMPSON.

31.	In early 2009, J.A., charged elsewhere, was recruited by defendant ERIC

LAMAR HILL, to serve as a driver for defendant KEITH MARTIN THOMPSON, so that

defendant THOMPSON could travel to New York City, King of Prussia, Pennsylvania, and

elsewhere to purchase kilogram and multi-kilogram supplies of cocaine and crack cocaine, which

were transported back to Lancaster for resale.

32.	Between January 1, 2009 and June 30, 2009, defendants KEITH MARTIN

THOMPSON, LUIS ERNESTO SAEZ-RIVERA, and ERIC LAMAR HILL supplied K.M.,

charged elsewhere, and J.A., with multi-gram quantities of crack cocaine in and around

Lancaster, Pennsylvania.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objects, the following overt

acts, among others, were performed by the defendants in the Eastern District of Pennsylvania and

elsewhere:

1.	Between January 1, 2009 and February 19, 2009, defendant KEITH

MARTIN THOMPSON supplied K.M., with at least 7 gram supplies of crack cocaine on at least

ten occasions, in and around Lancaster.

2.	Between January 1, 2009 and February 19, 2009, at the instruction of defendant KEITH MARTIN THOMPSON, defendant LUIS ERNESTO SAEZ-RIVERA supplied K.M. with multi-gram quantities of crack cocaine, including a delivery of 1 ounce of crack cocaine at 1157 Elizabeth Avenue, Manheim Township, Lancaster County, Pennsylvania.

3.	Between January 1, 2009 and February 19, 2009, defendant ERIC LAMAR HILL supplied K.M. with multigram supplies of crack cocaine on at least ten occasions, in and around Lancaster.

4.	Between February 1, 2009 and March 31, 2009, defendant ALYNNE HANSON had at least three (3) vehicle rentals from Avis, totaling in excess of 4,100 miles driven.  Between May 25, 2007 through September 29, 2009, defendant HANSON had at least 14 vehicle rentals from a total of two different rental agencies, totaling in excess of 12,000 miles driven.

5.	In approximately February and March, 2009, J.A., using a vehicle belonging to defendant KEITH MARTIN THOMPSON, drove defendant THOMPSON to King of Prussia, Pennsylvania, on two occasions, so that defendant THOMPSON could purchase a kilogram or more of cocaine or crack cocaine each time.  In return for J.A. driving defendant KEITH MARTIN THOMPSON on the two re-supply trips to King of Prussia, Pennsylvania, defendant THOMPSON paid J.A. $300 in cash for each trip.

6.	In approximately March, 2009, J.A., using a vehicle belonging to defendant KEITH MARTIN THOMPSON, drove defendants THOMPSON and JOHN HOLDER to New York City, so that defendant THOMPSON could purchase a kilogram or more of cocaine

or crack cocaine. In return for J.A. driving defendant THOMPSON on the re-supply trip to New York City, defendant THOMPSON paid J.A. $500 in cash.

7.     Between January 1, 2009 and June 30, 2009, defendant KEITH MARTIN THOMPSON supplied J.A. with 7 gram and 14 gram quantities of crack cocaine on at least five occasions, in and around Lancaster.

8.     Between April 2009 and June 2009, defendant LUIS ERNESTO SAEZ-RIVERA was driven in a rental vehicle by defendant CARIN SHONTEL SEALS to New York City on three occasions, for purposes of purchasing a kilogram or more of cocaine. On the first such trip, defendant SAEZ-RIVERA purchased a kilogram of cocaine for defendant KEITH MARTIN THOMPSON and himself. On the other two occasions, defendant SAEZ-RIVERA purchased two kilograms of cocaine for defendants KEITH MARTIN THOMPSON, ERIC LAMAR HILL, BRANDON LEE HILL, and himself.

a.     During the first re-supply trip defendant LUIS ERNESTO SAEZ-RIVERA made to New York City with defendant CARIN SHONTEL SEALS, between April 2009 and June 2009, defendant SEALS did all of the talking to the "connect" in New York, setting up the meeting of defendant SAEZ-RIVERA with the "connect," and facilitating the eventual purchase of cocaine.

b.     In return for defendant CARIN SHONTEL SEALS driving defendant LUIS ERNESTO SAEZ-RIVERA on the first re-supply trip to New York City, defendants THOMPSON and SAEZ-RIVERA paid defendant SEALS $400-450 in cash. In return for defendant CARIN SHONTEL SEALS driving defendant LUIS ERNESTO SAEZ-RIVERA on the other two re-supply trips to New York City, defendant THOMPSON paid

defendant SEALS in cash and/or cocaine/crack cocaine.

        c.     For one of the re-supply trips between April 2009 and June 2009, at the instruction of defendant KEITH MARTIN THOMPSON, defendant ALYNNE HANSON drove a rental vehicle to New York City. Immediately after defendant THOMPSON had completed the cocaine/crack cocaine purchase, J.A. drove defendant JOHN HOLDER and the cocaine/crack cocaine back to Lancaster, Pennsylvania, in the vehicle belonging to defendant THOMPSON. Defendant ALYNNE HANSON drove defendant THOMPSON back to Lancaster, Pennsylvania in the rental vehicle.

9.     Between April 1, 2009 and June 30, 2009, defendant CARIN SHONTEL SEALS had at least seven (7) vehicle rentals from Avis, totaling in excess of 6800 miles driven. Between January 22, 2007 through November 9, 2010, defendant SEALS had at least 37 vehicle rentals from a total of four different rental agencies, totaling in excess of 67,000 miles driven.

10.     On or about November 4, 2009, defendant KEITH MARTIN THOMPSON made arrangements over the telephone to deliver one ounce (28 grams) of cocaine to Person #1, in Lancaster.

11.     On or about November 5, 2009, defendant KEITH MARTIN THOMPSON delivered approximately 28.5 grams of cocaine to Person #1, on the 500 block of S. Christian Street, in Lancaster.

12.     Between December 4, 2009 through November 24, 2010, defendant MARQUISHA TYLISH MYERS had at least 12 vehicle rentals from Avis, totaling in excess of 38,000 miles driven.

13.	On or about December 9, 2009, defendant KEITH MARTIN THOMPSON made arrangements over the telephone to deliver one ounce (28 grams) of cocaine base ("crack") to Person #1, in Lancaster.

14.	On or about December 9, 2009, defendant KEITH MARTIN THOMPSON delivered approximately 11.5 grams of cocaine base ("crack") and approximately 1.8 grams of cocaine to Person #1, in the parking lot of the Park City Mall, in Lancaster.

15.	On or about January 7, 2010, defendant TROY SCOTT KEITH DIXON used the telephone to discuss a sale of cocaine base ("crack").

16.	 On or about January 13, 2010, defendant KEITH MARTIN THOMPSON used the telephone to discuss a sale of cocaine base ("crack").

17.	On or about January 21, 2010, defendant KEITH MARTIN THOMPSON used the telephone to arrange for a delivery of one ounce (28 grams) of cocaine base ("crack").

18.	On or about January 22, 2010, defendant CHRISTOPHER JAY LONDON, at the direction of defendant KEITH MARTIN THOMPSON, delivered approximately 26.7 grams of cocaine base ("crack") to Person #1, in the parking lot of the Babies R Us store, 990 Plaza Boulevard, in Lancaster.

19.	On or about January 29, 2010, defendant KEITH MARTIN THOMPSON used the telephone to discuss a sale of cocaine base ("crack").

20.	On or about February 2, 2010, defendant KEITH MARTIN THOMPSON used the telephone to discuss a sale of cocaine base ("crack").

21.	On or about February 2, 2010, defendant CHRISTOPHER JAY LONDON, at the direction of defendant KEITH MARTIN THOMPSON, delivered

13

approximately 21.6 grams of cocaine base ("crack") to Person #1, in the area of 749 South Marshall Street, in Lancaster.

22.     On or about February 24, 2010, defendant KEITH MARTIN THOMPSON used the telephone to discuss a sale of cocaine base ("crack").

23.     On or about February 24, 2010, at the direction of defendant KEITH MARTIN THOMPSON, defendant JOHN HOLDER delivered approximately 24.8 grams of cocaine base ("crack") to Person #1, in the parking lot of the Park City Mall, in Lancaster.

24.     On or about March 11, 2010, defendant KEITH MARTIN THOMPSON used the telephone to discuss a sale of cocaine base ("crack").

25.     On or about March 15, 2010, defendant KEITH MARTIN THOMPSON delivered approximately 23.9 grams of cocaine base ("crack") to Person #1, in the parking lot of the Crossings At Mill Creek apartment complex, in Lancaster.

26.     On or about March 23, 2010, defendant KEITH MARTIN THOMPSON used the telephone to discuss a sale of cocaine base ("crack").

27.     On or about April 13, 2010, defendant TROY SCOTT KEITH DIXON used the telephone to discuss a sale of cocaine base ("crack").  During this conversation, defendant DIXON stated that the crack that he would supply was coming from defendant KEITH MARTIN THOMPSON.

28.     On or about April 15, 2010, defendant TROY SCOTT KEITH DIXON used the telephone to discuss a delivery of cocaine base ("crack").

29.     On or about April 15, 2010, defendant LAMONT BARNETT BOYCE used the telephone discuss a delivery of cocaine base ("crack").

30.     On or about April 15, 2010, at the direction of defendants KEITH

MARTIN THOMPSON and TROY SCOTT KEITH DIXON, defendants LAMONT BARNETT

BOYCE and LARRY TERELL JORDAN delivered approximately 27.8 grams of cocaine base

("crack") to Person #1, in the area of 551 W. King Street, in Lancaster.

31.     On or about May 27, 2010, defendant KEITH MARTIN THOMPSON

used the telephone to arrange for a delivery of cocaine base ("crack").

32.     On or about May 27, 2010, defendant KEITH MARTIN THOMPSON

delivered approximately 33.8 grams of cocaine base ("crack") to Person #1, in the parking lot of

the Blue Star Bar, in Lancaster.

33.     On or about July 1, 2010, defendants KEITH MARTIN THOMPSON and

AARON TYLER JOHNSON possessed with the intent to distribute approximately 550 grams of

cocaine at 1244 Union Street, Lancaster.

34.     On or about July 1, 2010, at the request of defendant KEITH MARTIN

THOMPSON, defendant AARON TYLER JOHNSON converted 200 grams of cocaine into

cocaine base ("crack"), and then provided it to defendant THOMPSON.

35.     On or about December 9, 2010, defendants KEITH MARTIN

THOMPSON and LUIS ERNESTO SAEZ-RIVERA jointly purchased a kilogram of cocaine,

from a supplier unknown to the grand jury, in Philadelphia.  Defendant LUIS ERNESTO SAEZ-

RIVERA drove to Philadelphia and purchased the kilogram of cocaine for himself and defendant

KEITH MARTIN THOMPSON.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 5, 2009, in Lancaster, in the Eastern District of

Pennsylvania, defendant

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer,"**

knowingly and intentionally distributed a mixture and substance containing a detectable amount

of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 9, 2009, in Lancaster, in the Eastern District of

Pennsylvania, defendant

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer,"**

knowingly and intentionally distributed 5 grams or more, that is, approximately 11.5 grams, of a

mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II

controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 9, 2009, in Lancaster, in the Eastern District of

Pennsylvania, defendant

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer,"**

knowingly and intentionally distributed a mixture and substance containing a detectable amount

of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 22, 2010, in Lancaster, in the Eastern District of

Pennsylvania, defendants

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer," and**
**CHRISTOPHER JAY LONDON,**
**a/k/a "Chris,"**

knowingly and intentionally distributed, and aided and abetted the distribution of, 5 grams or

more, that is, approximately 26.7 grams, of a mixture and substance containing a detectable

amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B), and

Title 18, United States Code, Section 2.

## <u>COUNT SIX</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about February 2, 2010, in Lancaster, in the Eastern District of Pennsylvania, defendants

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer," and**
**CHRISTOPHER JAY LONDON,**
**a/k/a "Chris,"**

knowingly and intentionally distributed, and aided and abetted the distribution of, 5 grams or more, that is, approximately 21.6 grams, of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B), and Title 18, United States Code, Section 2.

## <u>COUNT SEVEN</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about February 24, 2010, in Lancaster, in the Eastern District of

Pennsylvania, defendants

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer," and**
**JOHN HOLDER,**
**a/k/a "Terminator,"**

knowingly and intentionally distributed, and aided and abetted the distribution of, 5 grams or

more, that is, approximately 24.8 grams, of a mixture and substance containing a detectable

amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and

Title 18, United States Code, Section 2.

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 15, 2010, in Lancaster, in the Eastern District of Pennsylvania, defendant

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer,"**

knowingly and intentionally distributed 5 grams or more, that is, approximately 23.9 grams, of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

**COUNT NINE**

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 15, 2010, in Lancaster, in the Eastern District of Pennsylvania, defendants

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer,"**
**TROY SCOTT KEITH DIXON,**
**LAMONT BARNETT BOYCE,**
**a/k/a "Ls," and**
**LARRY TERELL JORDAN**

knowingly and intentionally distributed, and aided and abetted the distribution of, 5 grams or more, that is, approximately 27.8 grams, of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B), and Title 18, United States Code, Section 2.

23

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 27, 2010, in Lancaster, in the Eastern District of Pennsylvania, defendant

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer,"**

knowingly and intentionally distributed 5 grams or more, that is, approximately 33.8 grams, of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 1, 2010, in Lancaster, in the Eastern District of Pennsylvania,

defendants

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer," and**
**AARON TYLER JOHNSON**

knowingly and intentionally possessed with the intent to distribute, and aided and abetted the

possession with intent to distribute of, a mixture and substance containing a detectable amount of

cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C), and

Title 18, United States Code, Section 2.

<u>**COUNT TWELVE**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 9, 2010, in Lancaster, in the Eastern District of

Pennsylvania, defendants

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer," and**
**LUIS ERNESTO SAEZ-RIVERA,**
**a/k/a "Dito,"**

knowingly and intentionally possessed with the intent to distribute, and aided and abetted the

possession with intent to distribute of, 500 grams or more, that is, approximately 1000 grams, of

a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled

substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B), and

Title 18, United States Code, Section 2.

<u>**COUNT THIRTEEN**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

   On or about July 1, 2010, in Lancaster, in the Eastern District of Pennsylvania,

defendants

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer," and**
**AARON TYLER JOHNSON**

knowingly possessed, and aided and abetted the possession of, a firearm, that is, an Astra, Model

A-75, .40 caliber semiautomatic pistol, serial number 7036C, during and in relation to a drug

trafficking crime for which they may be prosecuted in a court of the United States, that is,

conspiracy to distribute cocaine base ("crack") and cocaine, in violation of Title 21, United States

Code, Section 846, and possession with intent to distribute cocaine, in violation of Title 21,

United States Code, Section 841(a)(1).

   In violation of Title 18, United States Code, Sections 924(c) and 2.

## COUNT FOURTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 1, 2010, in Lancaster, in the Eastern District of Pennsylvania, defendant

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer,"**

having been convicted in the Court of Common Pleas of Lehigh County, Pennsylvania, and the Supreme Court for the County of New York, of crimes punishable by imprisonment for a term exceeding one year, and defendant

**AARON TYLER JOHNSON**,

having been convicted in the Court of Common Pleas of Blair County, Pennsylvania, of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, and aided and abetted the possession of, in and affecting interstate commerce, a firearm, that is, an Astra, Model A-75, .40 caliber semiautomatic pistol, serial number 7036C, loaded with seven live rounds of .40 caliber ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 2.

## COUNT FIFTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 4, 2011, in Lancaster, in the Eastern District of Pennsylvania, defendant

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer,"**

having been convicted in the Court of Common Pleas of Lehigh County, Pennsylvania, and the Supreme Court for the County of New York, of crimes punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate commerce a firearm, that is, an Arminius, Model Titan Tiger, .38 caliber revolver, serial number 0051698, loaded with five live rounds of .38 caliber ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIXTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about February 4, 2010, in Manheim Township, in the Eastern District of Pennsylvania, defendant

**JOHN HOLDER,**
**a/k/a "Terminator,"**

having been convicted in the Supreme Court of Kings County, New York, and the Palm Beach, Florida County Court, of crimes punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate commerce a firearm, that is, a Taurus, Model PT-99, 9mm caliber semiautomatic pistol, serial number TIC75089, loaded with fifteen live rounds of 9mm caliber ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.    As a result of the violation of Title 18, United States Code, Sections 922(g)(1) and 924(c), set forth in Counts Thirteen and Fourteen of this second superseding indictment, defendants

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer," and**
**AARON TYLER JOHNSON**

shall forfeit to the United States of America the firearm and ammunition involved in the commission of such offense, including, but not limited to:

      (a)    an Astra, Model A-75, .40 caliber semiautomatic pistol, serial number 7036C; and

      (b)    7 live rounds of .40 caliber ammunition.

      All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 924(d).

      2.    As a result of the violation of Title 18, United States Code, Section 922(g)(1), set forth in Count Fifteen of this second superseding indictment, defendant

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer,"**

shall forfeit to the United States of America the firearm and ammunition involved in the commission of such offense, including, but not limited to:

      (a)    an Arminius, Model Titan Tiger, .38 caliber revolver, serial number 0051698; and

      (b)    5 live rounds of .38 caliber ammunition.

      All pursuant to Title 28, United States Code, Section 2461(c), and Title 18,

United States Code, Section 924(d).

        3.      As a result of the violation of Title 18, United States Code, Section

922(g)(1), set forth in Count Sixteen of this second superseding indictment, defendant

**JOHN HOLDER,**
**a/k/a "Terminator,"**

shall forfeit to the United States of America the firearm and ammunition involved in the

commission of such offense, including, but not limited to:

      (a)     a Taurus, Model PT-99, 9mm caliber semiautomatic pistol, serial number
               TIC75089;

      (b)     15 live rounds of 9mm caliber ammunition.

        All pursuant to Title 28, United States Code, Section 2461(c), and Title 18,

United States Code, Section 924(d).

        4.      As a result of the violations of Title 21, United States Code, Sections

841(a)(1) and 846, set forth in this second superseding indictment, defendants

**KEITH MARTIN THOMPSON,**
**a/k/a "Keefer,"**
**CHRISTOPHER JAY LONDON,**
**a/k/a "Chris,"**
**BRANDON LEE HILL,**
**a/k/a "B,"**
**ERIC LAMAR HILL**
**a/k/a "E,"**
**LUIS ERNESTO SAEZ-RIVERA,**
**a/k/a "Dito,"**
**TROY SCOTT KEITH DIXON,**
**AARON TYLER JOHNSON,**
**LAMONT BARNETT BOYCE,**
**a/k/a "Ls,"**
**LARRY TERELL JORDAN,**
**JOHN HOLDER,**
**a/k/a "Terminator,"**
**CARIN SHONTEL SEALS,**

shall forfeit to the United States of America:

        1.      any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense(s); and

        2.      any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of such offense(s), including, but not limited to, the sum of $7,740.

        4.      If any of the property subject to forfeiture, as a result of any act or omission of defendants:

        (1)      cannot be located upon the exercise of due diligence;

        (2)      has been transferred or sold to, or deposited with, a third party;

        (3)      has been placed beyond the jurisdiction of the Court;

        (4)      has been substantially diminished in value; or

        (5)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to

forfeiture.

All pursuant to Title 21, United States Code, Section 853.

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

**ZANE DAVID MEMEGER**
**UNITED STATES ATTORNEY**