IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 11-36-1 |
| | : | |
| KEITH THOMPSON | : | |

McHUGH, J.                                                  April 19, 2021

### MEMORANDUM

Defendant Keith Thompson has moved for reconsideration of my Order denying him compassionate release. *See* Mot. for Reconsideration, ECF 538; Memo and Order denying Motion for Compassionate Release, ECF 531, 532. As noted in my earlier memorandum, he was charged as the lead defendant in an indictment including 12 others in connection with a large-scale drug-trafficking operation in Lancaster County. With an offense level of 41 and a criminal history Category of V, he faced a guideline range of 360 months to life in prison. Upon motion of the Government, the sentence imposed was reduced to 270 months, with ten years of supervised release.

Mr. Thompson raises two points on reconsideration. First, he argues that his refusal to be vaccinated against COVID should not weigh against him because he has never consented to any type of vaccination, and his request for information from prison personnel about the vaccine was dismissed. *See* Mot. for Reconsideration at 1. Mr. Thompson expressed concern about the vaccine to prison health officials, based on a history of allergies and the symptoms. *See* Email to

1

Health Services, ECF 537.  Health Services responded: "This information is not available. No one knows the risks or long- term side effects. It is too new." *Id.*  This response may seem brusque, but it is honest and accurate, as there remain many unknowns both as to the virus and the vaccine.  Individuals who are not incarcerated but at risk by way of medical history, living situation, or employment, face the same challenge in decision-making as Mr. Thompson.  Yet, notwithstanding some uncertainty, the Centers for Disease Control continues to recommend that everyone eligible get the vaccine.[1]

Further, I remain persuaded that even if Mr. Thompson showed a compelling medical need, the factors under 18 U.S.C. § 3553 would not warrant his early release. *See* 18 U.S.C. § 3582(c)(1)(A) (stating that courts must consider the § 3553 in evaluating motions for early release).  Mr. Thompson makes cogent policy arguments about the many disadvantages that flow from efforts to control illegal narcotics through criminal penalties. *See* Mot. for Reconsideration at 2-3.  But such arguments do not readily fit within the legal framework for resolving motions such as this.

Mr. Thompson also argues that I should consider reduced mandatory minimums under the First Step Act, under which the mandatory component of a sentence for offenses similar to his has been reduced to 15 years, down from 20. *See* Supp. Briefing, ECF 533.  As noted in my earlier memorandum, having not presided over the case, it was necessary for me to study the record to understand the perspective of the sentencing judge.  First, the scope of the conspiracy was vast, and Mr. Thompson was indisputably the leader. He stipulated to having distributed 20 kilograms of cocaine base ("crack") and 50 kilograms of cocaine, and unlawful firearms were

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/keythingstoknow.html?s_cid=10496:cdc%20covid%20vaccine:sem.ga:p:RG:GM:gen:PTN:FY21

involved, resulting in the severe Guideline range noted above. As I construe the docket, by virtue of the Government's motion for downward departure, which the Government was instructed to provide for my review, the sentencing judge was not bound by the 20-year mandatory minimum. Furthermore, the sentence imposed was not tied to the then existing mandatory minimum. The Government recommended 25 years of imprisonment, less than the 30 years at the low end of the Guideline range; the Court departed lower, imposing a sentence of 22.5 years, but still above the mandatory minimum. I interpret Defendant's argument as pointing to the First Step Act by way of analogy. Nonetheless, as a technical matter, Mr. Thompson's sentence was not controlled or affected by the statutory mandatory minimum, and he is therefore not entitled to a reduced sentence pursuant to the First Step Act.

Having considered Mr. Thompson's arguments, the motion for reconsideration will be denied.

    /s/ Gerald Austin McHugh
United States District Judge